IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. MARTINEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>M.D. LUNES, et al.,<br><br>　　　　　　Defendant. | 1: 04-CV-5251 AWI SMS P<br><br>ORDER GRANTING MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM<br><br>(Document #66) |

　　　　Plaintiff John Martinez, an inmate in the custody of the California Department of Corrections, brings this civil rights action against two prison guards for retaliating against him and being deliberately indifference to his safety.   This action is set for trial on October 28, 2008.

　　　　On March 31, 2008, Plaintiff filed a motion for the attendance of incarcerated witnesses. While Defendants did not file a formal opposition to this motion, Defendants objected to the testimony of these witnesses in their April 30, 2008 pretrial statement.

**A. Witnesses**

　　　　***1. Plaintiff John Martinez***

　　　　Plaintiff asks the court to issue an order requiring prison officials bring him to court for the trial in this action.   Plaintiff is advised that this court will issue a writ of habeas corpus ad testificandum directed to the warden of his current place of incarceration to bring him to trial to testify.   This order will be issued after the trial date is confirmed.

### 2. Inmate Morales

Inmate Morales is willing to testify that he was told by Inmate Andy Rodriguez that there was a rumor Plaintiff was a homosexual. When Inmate Morales became Plaintiff's cellmate he asked Plaintiff about homosexual activity. Plaintiff denied any activity and informed Inmate Morales he was not a homosexual and the rumor was started by Defendant Lunes. Inmate Morales has been Plaintiff's cell mate for two and a half years and has come to the conclusion that Plaintiff is not a homosexual. Defendants object to this proposed testimony on the ground that it is hearsay. Defendants also claim that the fact Plaintiff and Inmate Morales never engaged in any homosexual behavior does not mean Plaintiff did not engage in the behavior with Inmate Radillo.

Based on the facts, the issue of whether Plaintiff engaged in homosexual behavior with Inmate Radillo is very relevant to this action. If the homosexual behavior did not occur, then Defendants had no reason to document such behavior. While it is entirely possible that Inmate Morales could have lived with Plaintiff for over two years and not realize Plaintiff engaged in homosexual behavior with others, Inmate Morales does have relevant knowledge of much of Plaintiff's conduct over a two year span. Thus, Inmate Morales's testimony is relevant, and he will be brought to trial. In addition, while Inmate Morales's proposed testimony about a rumor may be hearsay, this argument is better addressed in a motion in limine and is not a reason to decline to bring Inmate Morales to testify.

### 3. Inmate Dunn

Inmate Dunn will testify that Defendant Lunes and Correctional Officer Perez made threatening comments concerning harming Plaintiff. Specifically, Inmate Dunn heard Defendant Lunes and Officer Perez discussing "kicking some one's ass." When Inmate Dunn inquired about who they were talking about, Officer Perez stated "Martinez in #17" and "some one should put a hurting to that boy." Defendants contend that these statements are hearsay. Defendants also claim this evidence is not material.

The court finds that this evidence is relevant to the issues in this action. Defendant Lunes' intentions toward Plaintiff when he had Defendant Chamalbide document what occurred in Plaintiff's cell is at issue in this action: Was Defendant Lunes acting out of a legitimate penological interest or was Defendant Lunes merely attempting to chill Plaintiff's First Amendment rights? In addition, the court is not confident that Inmate Dunn's testimony is hearsay and not subject to any hearsay exception, such as a statement against interest. Thus, the court will order him brought to trial.

### 4. *Inmate Rodriguez*

Inmate Rodriguez will testify that Defendant Chamalbide told Inmate Rodriguez to warn Plaintiff to be careful because "IGJ" was talking about him. Defendant Chamalbide also told Inmate Rodriguez that she had caught inmates in a sexual act and asked whether it was a bad thing. Later, Defendant Chamalbide told Inmate Rodriguez that she was being pressured to write up a report about Plaintiff's behavior. Inmate Rodriguez will also testify about what could occur if a gang member engages in homosexual behavior and that when he confronted Plaintiff, Inmate Rodriguez came to the conclusion Plaintiff was being set up. Finally, Inmate Rodriguez will testify that he told several inmates what Defendant Chamalbide told him.

Defendant does not object to Inmate Rodriguez being brought to trial to testify. Inmate Rodriguez's testimony is relevant to several issues in this action, and the court will bring Inmate Rodriguez to testify.

### 5. *Inmate Viscarra*

The court declines to order the attendance of Inmate Viscarra at this time. While Plaintiff has provided a letter indicating Inmate Viscarra is willing to testify, it remains unclear what relevant information he may have. Defendants also dispute whether Inmate Viscarra is willing to testify. Plaintiff may file another motion requesting the transportation of Inmate Viscarra. In such a motion, Plaintiff should provide evidence that Inmate Viscarra is willing to testify and an give an offer of proof on his proposed testimony.

   *6. Inmate Radillo*

Inmate Radillo was Plaintiff's cellmate at the time underlying this action, and he is the one Plaintiff allegedly was engaging in the homosexual act with. Inmate Radillo will confirm whether the act ever occurred and Defendant Chamalbide's statements to Plaintiff and Inmate Radillo about being pressured to write Plaintiff up. Inmate Radillo's testimony is highly relevant to this action and Defendants do not oppose the court bringing him to trial. Thus, the court will order Inmate Radillo's testimony at trial.

**B. Defendants' Future Objections to Inmate Testimony.**

All interested parties are informed that it is necessary to grant Plaintiff's motion to allow the transportation of these incarcerated witnesses at this time. The CDC needs considerable time to arrange for transportation. Plaintiff is advised that some or all of the testimony of his inmate witnesses may be excluded pursuant to possible motions in limine filed by Defendants. The court will rule on any motions in limine the week before trial. Thus, while the court will order the incarcerated witnesses transported for trial, nothing in this order is a guarantee that the witnesses' testimony will not be limited.

**C. Incarcerated Witness's Objection to Transportation**

The court notes that it is not this court's policy to transport an inmate witness unless the inmate witness is currently willing to come to court to testify. For that reason, the court is serving courtesy copies of this order on Plaintiff's inmate witnesses. **If any inmate witness is not willing to testify in this action, the inmate witness should contact the court indicating the case name and case number of this action, state that the inmate witness does not wish to be transported to trial, and ask that any transportation order be vacated.** Any request to stop transportation should be filed as soon as possible to avoid any unnecessary transportation.

//

4

**ORDER**

Accordingly, the court orders that:

1. Plaintiff's motion for the attendance of incarcerated witnesses Inmate Armando Morales (P-80673), Inmate Rodney Dunn (K-2-0611), Inmate Andrew Rodriguez (D-89239), and Inmate Juan Radillo (P-94519) is GRANTED;

2. Plaintiff's motion for the transportation of Inmate Anthony Viscarra is DENIED without prejudice; and

3. The Clerk of the Court is DIRECTED to send courtesy copies of this order to:

| | |
|---|---|
| John R Martinez<br>J-52893<br>Corcoran State Prison<br>PO Box 3481<br>Corcoran, CA 93212 | Armando Morales<br>P-80673<br>Corcoran State Prison<br>PO Box 3481<br>Corcoran, CA 93212 |
| Rodney Dunn<br>K-2-0611<br>Corcoran State Prison<br>PO Box 3481<br>Corcoran, CA 93212 | Andrew Rodriguez<br>D-89239<br>Corcoran State Prison<br>PO Box 3481<br>Corcoran, CA 93212 |
| Juan Radillo<br>P-94519<br>Corcoran State Prison<br>PO Box 3481<br>Corcoran, CA 93212 | |

IT IS SO ORDERED.

Dated:   **August 12, 2008**             /s/ Anthony W. Ishii
                                              CHIEF UNITED STATES DISTRICT JUDGE